FILED

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

2007 NOV 19 PM 1:31

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

---

JULIO ISLEY SMITH, 99A6505,

        Plaintiff,

    -v-                              07-CV-0546M

DAVID NAPOLI, Supt.;
ANGELA BARTLETT, Dep. Supt.;              **ORDER**
VALERIE GROVER, Inmate Records;
RENA MCCRACKEN, Prison Guard;
JOEL AYER, Prison Guard; and
JOHN DOE, Prison Guard;

        Defendants.

---

## INTRODUCTION

Plaintiff, Julio Smith, an inmate of the Southport Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendants, Superintendent David Napoli, Dep. Superintendent Angela Bartlett, Valerie Grover from Inmate Records, Prison Guard Rena McCracken, Prison Guard Joel Ayer, and Prison Guard John Doe, violated his rights when they conspired with each other to deny him access to the courts by denying him advanced funds and destroying his law library request forms. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, but unless plaintiff files an amended complaint as directed below, the

complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98, 2007 WL 1989336, *5 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, --- U.S. ----, ----, 127 S.Ct. 1955, 1965 (2007). "The settled rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (citations and internal quotation marks omitted) (applying both §§ 1915 and 1915A). "This rule applies with particular force where

the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that, unless plaintiff files an amended complaint as directed below, plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

### *Access to Courts Claims*

Plaintiff's claim that he was denied access to the courts is subject to dismissal with prejudice. Plaintiff does not state what effect the alleged acts had on his access to the courts. In order to state a constitutional claim, a plaintiff must make a showing that he has suffered, or will imminently suffer, actual harm; that is, that he was "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). *Accord Morello v. James*, 810 F.2d 344, 347 (2d Cir. 1987).

3

Thus, plaintiff must show that he has suffered an actual injury traceable to the challenged conduct of prison officials. A plaintiff has not shown actual injury unless he shows that a "nonfrivolous legal claim had been frustrated or was being impeded" due to the actions of prison officials. *Lewis*, 518 U.S. at 351-52. Plaintiff has not stated facts to explain how denying him advance funds or law library request forms has prejudiced his ability to seek redress from the judicial system. *Smith v. O'Connor*, 901 F. Supp. 644, 649 (S.D.N.Y. 1995).

However, the Court will permit plaintiff to file an amended complaint in which the necessary allegations regarding this issue are included. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"). Plaintiff must state what effect the alleged actions had on his non-frivolous attempts to seek redress.

### Retaliation Claim

At the end of plaintiff's second claim he alleges that the above acts were in retaliation for "asserting his right to free speech." Plaintiff's claim is subject to dismissal because it fails to sufficiently allege non-conclusory facts stating specifically what these acts were in retaliation for. It is well

4

established that prison officials may not retaliate against inmates for exercising their constitutional rights. *See, e.g., Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995); *Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir. 1988). "An act in retaliation for the exercise of a constitutional right is actionable under section 1983 even if the act, when taken for different reasons, would have been proper." *Id.*, at 590 (internal quotations omitted). To state a retaliation claim under § 1983, "a plaintiff must show that: (1) his actions were protected by the Constitution or federal law; and (2) the defendant's conduct complained of was in response to that protected activity." *Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000) (internal quotation and citation omitted). As to the second prong, a prisoner alleging retaliation must show that the protected conduct was "a substantial or motivating factor" behind the alleged retaliatory conduct. *See Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). Evidence that can lead to an inference of improper motive includes: (1) the temporal proximity of the filing of a grievance and the alleged retaliatory act; (2) the inmate's prior good disciplinary record; (3) vindication at a hearing on the matter; and (4) statements by the defendant regarding his motive for disciplining plaintiff. *See Colon*, 58 F.3d at 872-73.

Because claims of retaliation are easily fabricated, the courts must "examine prisoners' claims of retaliation with

5

skepticism and particular care," *Colon*, 58 F.3d at 872, requiring "'detailed fact pleading . . . to withstand a motion to dismiss.'" *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) (quoting *Angola v. Civiletti*, 666 F.2d 1, 4 (2d Cir. 1981)). To survive a motion to dismiss, such claims must be "'supported by specific and detailed factual allegations,'" and not stated "'in wholly conclusory terms.'" *Friedl*, 210 F.3d at 85-86 (quoting *Flaherty*, 713 F.2d at 13); *see also Graham*, 89 F.3d at 79 (wholly conclusory claims of retaliation "can be dismissed on the pleadings alone"); *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987) (same).

Moreover, only those retaliatory acts that are likely to "chill a person of ordinary firmness from continuing to engage" in activity protected by the First Amendment are actionable under § 1983; in other words, allegations of *de minimis* acts of retaliation do not state a claim under § 1983. *Thaddeus-X v. Blatter*, 175 F.3d 378, 397 (6th Cir. 1999) (cited with approval in *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001)). *See Davidson v. Chestnut*, 193 F.3d 144, 150 (2d Cir. 1999) (on remand, district court to consider the "serious question" of "whether the alleged acts of retaliation . . . were more than *de minimis*" in deciding summary judgment motion).

Therefore, plaintiff could state a § 1983 claim for retaliation based on the alleged acts if he alleges additional facts which, if proven, establish that Defendants' denial of

6

advance funds and law library requests was intended to retaliate against him for filing lawsuits against them, thereby frustrating plaintiff's right of access to the courts.

The Court notes that plaintiff indicates that his exhaustion efforts on each claim are "still pending." The Prison Litigation Reform Act (PLRA) requires that prisoners exhaust internal administrative processes before filing suit. Civil Rights of Institutionalized Persons Act, § 7(a), as amended, 42 U.S.C.A. § 1997e(a).

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **December 21, 2007** in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*,

25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). See 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is directed to file an amended complaint by **December 21, 2007**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **December 21, 2007,** the complaint

shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **December 21, 2007**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **December 21, 2007**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

                                           s/Michael A. Telesca
                                           MICHAEL A. TELESCA
                                           United States District Judge

Dated:    November 16, 2007
            Rochester, New York