-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JULIO ISLEY SMITH, 99-A-6505,

        Plaintiff,

   -v-

DAVID NAPOLI, Supt.; ANGELA BARTLETT,
Dep. Supt.; VALERIE GROVER, Inmate Records;
RENA MCCRACKEN, Prison Guard; JOEL AYER,
Prison Guard; and JOHN DOE, Prison Guard;

        Defendants.

**DECISION and ORDER**
07-CV-0546M

---

Plaintiff has filed an amended complaint in response to the Court's Order of November 19, 2007. The Court has reviewed the amended complaint pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff alleges that defendants denied him access to the courts by denying him the funds necessary to add exhibits to his complaint and destroying his law library request forms. As discussed in the Court's previous Order, plaintiff cannot state a claim for denial of access to the courts unless he shows that a "nonfrivolous legal claim had been frustrated or was being impeded" due to the actions of prison officials. *Lewis* v. Casey, 518 U.S. 343, 351-52, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). Despite the Court's direction to state what effect defendants' actions had on his non-frivolous attempts to seek redress, plaintiff merely alleges that he "can be harmed . . . by the fact that he has not presented a prima facie case." This conclusory assertion is not sufficient to show that plaintiff was or is prejudiced in his ability to seek redress from the judicial system. Because plaintiff has

not alleged the existence of an actual injury traceable to defendants' conduct, he fails to state a claim upon which relief may be granted.

Plaintiff alleges that the destruction of his law library requests was retaliatory. As plaintiff was previously advised, a prisoner alleging retaliation must show that his protected conduct was "a substantial or motivating factor" behind the alleged retaliatory conduct. See Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996). Because retaliation claims are easily fabricated, the courts must "examine prisoners' claims of retaliation with skepticism and particular care," Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995); see also Graham, 89 F.3d at 79 (wholly conclusory claims of retaliation "can be dismissed on the pleadings alone"); Gill v. Mooney, 824 F.2d 192, 194 (2d Cir. 1987) (same). Plaintiff was given an opportunity to provide specific facts in support of his retaliation claim. He now alleges that Rena McCracken, John Doe, and other unknown defendants discarded his law library requests due to learning that plaintiff had filed grievances against other guards. This conclusory allegation, without more, fails to provide sufficient facts to allege that plaintiff's protected conduct was "a substantial or motivating factor" behind the alleged retaliatory conduct.

Therefore, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. See 28 U.S.C. § 1915(g).

SO ORDERED.

Dated:   February 6, 2008
         Buffalo, New York

WILLIAM M. SKRETNY
United States District Judge